ORIGINAL

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  Ronald J. Schutz (*Pro Hac Vice* pending), RJSchutz@rkmc.com
   Richard M. Martinez (*Pro Hac Vice* pending), RMMartinez@rkmc.com
2  Sang Young A. Brodie (*Pro Hac Vice* pending), SYBrodie@rkmc.com
   Andrea Kloehn Naef (CA Bar No. 234965), AKNaef@rkmc.com
3  **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
   800 LaSalle Avenue, 2800 LaSalle Plaza
4  Minneapolis, MN 55402
   Telephone:  (612) 349-8500
5  Facsimile:  (612) 339-4181

6  David Martinez, (CA Bar No. 193183), DMartinez@rkmc.com
   **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
7  2049 Century Park East, Suite 3400
   Los Angeles, CA  90067-3208
8  Telephone:  (310) 552-0130
   Facsimile:  (310) 229-5800

9  Attorneys for Plaintiff,
10 TV INTERACTIVE DATA CORPORATION

11           **UNITED STATES DISTRICT COURT**

12          **NORTHERN DISTRICT OF CALIFORNIA**

13 TV INTERACTIVE DATA CORPORATION, a          Case No.
   California Corporation,
14                                             **COMPLAINT; DEMAND FOR
                   Plaintiff,                  JURY TRIAL**
15
   v.
16
   SONY CORPORATION; SONY COMPUTER
17 ENTERTAINMENT INC.; SONY COMPUTER
   ENTERTAINMENT AMERICA, INC.; SONY
18 CORPORATION OF AMERICA; SONY
   ELECTRONICS, INC.; SAMSUNG ELECTRONICS
19 CO., LTD.; SAMSUNG ELECTRONICS AMERICA,
   INC.; ROYAL PHILIPS ELECTRONICS N.V.;
20 PHILIPS ELECTRONICS NORTH AMERICA
   CORPORATION; TOSHIBA CORPORATION;
21 TOSHIBA AMERICA, INC.; TOSHIBA AMERICA
   CONSUMER PRODUCTS, L.L.C.; PANASONIC
22 CORPORATION; PANASONIC CORPORATION
   OF NORTH AMERICA; VICTOR COMPANY OF
23 JAPAN, LTD.; JVC AMERICAS CORP.; LG
   ELECTRONICS, INC.; LG ELECTRONICS U.S.A.,
24 INC.; ZENITH ELECTRONICS LLC; PIONEER
   CORPORATION; PIONEER ELECTRONICS (USA)
25 INC.; SHARP CORPORATION; SHARP
   ELECTRONICS CORPORATION; FUNAI
26 ELECTRIC CO., LTD.; FUNAI CORPORATION,
   INC.; D&M HOLDINGS INC.; DENON
27 ELECTRONICS (USA), LLC,

28                 Defendants.

81061540.1                              COMPLAINT; DEMAND FOR JURY TRIAL

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

## COMPLAINT

Plaintiff TV Interactive Data Corporation, for its complaint against the above-named Defendants, states and alleges upon information and belief as follows:

## INTRODUCTION

This is an action for patent infringement involving the automatic playback feature in Blu-ray and DVD players.

## PARTIES

1.     Plaintiff TV Interactive Data Corporation ("TVI") is a California corporation located at 19863 Douglass Lane, Saratoga, CA 95070.

2.     Defendant Sony Corporation is a Japanese corporation, with its headquarters at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan, and doing business in this judicial district, at least through its wholly-owned subsidiaries.

3.     Defendant Sony Computer Entertainment Inc. is a Japanese corporation, with its headquarters at 2-6-21, Minami-Aoyama, Minato-ku, Tokyo, 107-0062, Japan.  It is a wholly-owned subsidiary of Sony Corporation, and conducts business in this judicial district, at least through its wholly-owned subsidiary.

4.     Defendant Sony Computer Entertainment America, Inc. is a Delaware corporation, with its headquarters at 919 & 989 East Hillsdale Boulevard, Foster City, CA 94404, and doing business in this judicial district.  It is a wholly-owned subsidiary of Sony Computer Entertainment Inc. and/or of Sony Corporation.

5.     Defendant Sony Corporation of America is a New York corporation, with its headquarters at 550 Madison Avenue, New York, NY 10022.  It is a wholly-owned subsidiary of Sony Corporation, and conducts business in this judicial district, at least through its wholly-owned subsidiary.

6.     Defendant Sony Electronics, Inc. is a Delaware corporation, with its headquarters at 16530 Via Esprillo, San Diego, CA 92127, but doing business in this judicial district.  It is a wholly-owned subsidiary of Sony Corporation of America and/or of Sony Corporation.

///

1    7.  Sony Corporation effectively directs and/or controls the infringing conduct of the

2 above wholly-owned subsidiaries to at least sell the accused products in the United States,

3 including in this judicial district. The term "Sony," as it is used in this complaint, shall refer

4 collectively to Defendants Sony Corporation, Sony Computer Entertainment Inc., Sony Computer

5 Entertainment America, Inc., Sony Corporation of America, and Sony Electronics, Inc.

6    8.  Defendant Samsung Electronics Co., Ltd. is a Korean corporation, with its

7 headquarters at Samsung Electronics Bldg., 1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857,

8 Korea, and doing business in this judicial district, at least through its wholly-owned subsidiary.

9    9.  Defendant Samsung Electronics America, Inc. is a New York corporation, with its

10 headquarters at 105 Challenger Road, Ridgefield Park, NJ 07660, and doing business in this

11 judicial district. It is a wholly-owned subsidiary of Samsung Electronics Co., Ltd.

12    10.  Samsung Electronics Co., Ltd. effectively directs and/or controls the infringing

13 conduct of the above wholly-owned subsidiary. The term "Samsung," as it is used in this

14 complaint, shall refer collectively to Defendants Samsung Electronics Co., Ltd. and Samsung

15 Electronics America, Inc.

16    11.  Defendant Royal Philips Electronics N.V. is a Dutch corporation, with its

17 headquarters at Amstelplein 2, Breitner Center, P.O. Box 77900, 1070 MX Amsterdam, The

18 Netherlands, and doing business in this judicial district, at least through its wholly-owned

19 subsidiary.

20    12.  Defendant Philips Electronics North America Corporation is a Delaware

21 corporation, with its headquarters at 3000 Minuteman Road, M/S 109, Andover, MA 01810, but

22 doing business in this judicial district. It is a wholly-owned subsidiary of Royal Philips

23 Electronics N.V.

24    13.  Royal Philips Electronics N.V. effectively directs and/or controls the infringing

25 conduct of the above wholly-owned subsidiary. The term "Philips," as it is used in this

26 complaint, shall refer collectively to Defendants Royal Philips Electronics N.V. and Philips

27 Electronics North America Corporation.

28 / / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

81061540.1      - 3 -   COMPLAINT; DEMAND FOR JURY TRIAL

14. Defendant Toshiba Corporation is a Japanese corporation, with its headquarters at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan, and doing business in this judicial district, at least through its wholly-owned subsidiaries.

15. Defendant Toshiba America, Inc. is a Delaware corporation, with its headquarters at 1251 Avenue of the Americas, Suite 4110, New York, NY 10020, but doing business in this judicial district. It is a holding company for Toshiba Corporation and is wholly-owned by Toshiba Corporation.

16. Defendant Toshiba America Consumer Products, L.L.C. is a New Jersey limited liability company, with its headquarters at 82 Totowa Road, Wayne, NJ 07470, but doing business in this judicial district. It is an operating company of Toshiba America, Inc. and is wholly-owned by Toshiba America, Inc.

17. Toshiba Corporation effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiaries. The term "Toshiba," as it is used in this complaint, shall refer collectively to Defendants Toshiba Corporation, Toshiba America, Inc., and Toshiba America Consumer Products, L.L.C.

18. Panasonic Corporation is a Japanese corporation, with its headquarters at 1006, Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan, and doing business in this judicial district, at least through its wholly-owned subsidiary.

19. Panasonic Corporation of North America is a Delaware corporation, with its headquarters at One Panasonic Way, Secaucus, NJ 07094, but doing business in this judicial district. It is a wholly-owned subsidiary of Panasonic Corporation.

20. Panasonic Corporation effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiary. The term "Panasonic," as it is used in this complaint, shall refer collectively to Defendants Panasonic Corporation and Panasonic Corporation of North America.

21. Defendant Victor Company of Japan, Ltd. is a Japanese corporation, with its headquarters at 12, Moriya-cho 3-chome, Kanagawa-ku, Yokohama, 221-8528, Japan, and doing business in this judicial district, at least through its wholly-owned subsidiary.

22. Defendant JVC Americas Corp. is a Delaware corporation, with its headquarters at 1700 Valley Road, Wayne, NJ 07470, but doing business in this judicial district. It is a wholly-owned subsidiary of Victor Company of Japan, Ltd.

23. Victor Company of Japan, Ltd. effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiary. The term "JVC," as it is used in this complaint, shall refer collectively to Defendants Victor Company of Japan, Ltd. and JVC Americas Corp.

24. Defendant LG Electronics, Inc. is a Korean corporation, with its headquarters at LG Twin Towers 20, Yeouido-dong, Yeongdeungpo-gu, Seoul, Korea 150-721, and doing business in this judicial district, at least through its wholly-owned subsidiaries.

25. Defendant LG Electronics U.S.A., Inc. is a Delaware corporation, with its headquarters at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632, but doing business in this judicial district. It is a wholly-owned subsidiary of LG Electronics, Inc.

26. Defendant Zenith Electronics LLC is a Delaware limited liability company, with its headquarters at 2000 Millbrook Drive, Lincolnshire, IL 60069, but doing business in this judicial district. It is a wholly-owned subsidiary of LG Electronics, Inc., but the accused Zenith products are at least sold and serviced by LG Electronics U.S.A., Inc.

27. LG Electronics, Inc. effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiaries. The term "LG," as it is used in this complaint, shall refer collectively to Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., and Zenith Electronics LLC.

28. Defendant Pioneer Corporation is a Japanese corporation, with its headquarters at 1-4-1 Meguro, Meguro-ku, Tokyo 153-8654, Japan, and doing business in this judicial district, at least through its wholly-owned subsidiary.

29. Defendant Pioneer Electronics (USA) Inc. is a Delaware corporation, with its headquarters at 2265 East 220th Street, Long Beach, CA 90810, but doing business in this judicial district. It is a wholly-owned subsidiary of Pioneer Corporation.

30. Pioneer Corporation effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiary to at least sell the accused products in the United States,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

including in this judicial district. The term "Pioneer," as it is used in this complaint, shall refer collectively to Defendants Pioneer Corporation and Pioneer Electronics (USA) Inc.

31.     Defendant Sharp Corporation is a Japanese corporation, with its headquarters at 22-22 Nagaike-cho, Abeno-ku, Osaka 545-8522, Japan, and doing business in this judicial district, at least through its wholly-owned subsidiary.

32.     Defendant Sharp Electronics Corporation is a New York corporation, with its headquarters at Sharp Plaza, Mahwah, NJ 07495-1163, but doing business in this judicial district. It is a wholly-owned U.S. sales and marketing subsidiary of Sharp Corporation.

33.     Sharp Corporation effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiary to at least sell the accused products in the United States, including in this judicial district. The term "Sharp," as it is used in this complaint, shall refer collectively to Defendants Sharp Corporation and Sharp Electronics Corporation.

34.     Defendant Funai Electric Co., Ltd. is a Japanese corporation, with its headquarters at 7-7-1 Nakagaito, Daito City, Osaka 574-0013, Japan, and doing business in this judicial district, at least through its wholly-owned subsidiary.

35.     Defendant Funai Corporation, Inc. is a New Jersey corporation, with its headquarters at 201 Route 17 North, Suite 903, Rutherford, NJ 07070, but doing business in this judicial district. It is a wholly-owned North American sales and marketing subsidiary of Funai Electric Co., Ltd. for consumer electronic products.

36.     Funai Electric Co., Ltd. effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiary to at least sell the accused products in the United States, including in this judicial district. The term "Funai," as it is used in this complaint, shall refer collectively to Defendants Funai Electric Co., Ltd. and Funai Corporation, Inc.

37.     Defendant D&M Holdings Inc. is a Japanese corporation, with its headquarters at D&M Building, 2-1 Nisshin-cho, Kawasaki-ku, Kawasaki-shi, Kanagawa 210-8569, Japan, and doing business in this judicial district, at least through its wholly-owned subsidiary.

38.     Defendant Denon Electronics (USA), LLC is a New Jersey limited liability company, with its headquarters at 100 Corporate Drive, Mahwah, NJ 07430-2041, but doing

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   business in this judicial district. It is a wholly-owned subsidiary of D&M Holdings Inc. D&M

2   Holdings Inc. claims to own the Denon brand.

3       39.    D&M Holdings Inc. effectively directs and/or controls the infringing conduct of

4   the above wholly-owned subsidiary to at least sell the accused products in the United States,

5   including in this judicial district. The term "Denon," as it is used in this complaint, shall refer

6   collectively to Defendants D&M Holdings Inc. and Denon Electronics (USA), LLC.

7                                    **JURISDICTION**

8       40.    This Court has jurisdiction over Plaintiff's patent infringement claims under 28

9   U.S.C. § 1338(a), because these claims arise under Acts of Congress relating to patents including,

10  but not limited to, 35 U.S.C. §§ 271(a)-(c), 281, and 283-285.

11      41.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and § 1400(b).

12                              **FACTUAL BACKGROUND**

13      42.    On January 28, 1997, the United States Patent and Trademark Office ("USPTO")

14  issued United States Patent No. 5,597,307 ("the '307 patent"), entitled Method For Starting Up A

15  Process Automatically On Insertion Of A Storage Media Into A Host Device, to TVI, as assignee

16  of inventors Peter M. Redford and Donald S. Stern.

17      43.    On November 17, 2005, the USPTO commenced an ex parte reexamination

18  proceeding for the '307 patent.

19      44.    On January 20, 2009, the USPTO issued an Ex Parte Reexamination Certificate for

20  the '307 patent. A copy of the '307 patent and the Ex Parte Reexamination Certificate is attached

21  hereto as Exhibit A.

22      45.    TVI is the owner of the '307 patent.

23      46.    On August 18, 1998, the USPTO issued United States Patent No. 5,795,156 ("the

24  '156 patent"), entitled Host Device Equipped With Means For Starting A Process In Response To

25  Detecting Insertion Of A Storage Media, to TVI, as assignee of inventors Peter M. Redford and

26  Donald S. Stern.

27      47.    On November 15, 2005, the USPTO commenced an ex parte reexamination

28  proceeding for the '156 patent.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

48.     On April 8, 2008, the USPTO issued an Ex Parte Reexamination Certificate for the '156 patent. A copy of the '156 patent and the Ex Parte Reexamination Certificate is attached hereto as Exhibit B.

49.     TVI is the owner of the '156 patent.

50.     On June 19, 2001, the USPTO issued United States Patent No. 6,249,863 ("the '863 patent"), entitled Host Device Equipped With Means For Starting A Process In Response To Detecting Insertion Of A Storage Media, to TVI, as assignee of inventors Peter M. Redford and Donald S. Stern.

51.     On November 4, 2005, the USPTO commenced an ex parte reexamination proceeding for the '863 patent.

52.     On January 1, 2008, the USPTO issued an Ex Parte Reexamination Certificate for the '863 patent. A copy of the '863 patent and the Ex Parte Reexamination Certificate is attached hereto as Exhibit C.

53.     TVI is the owner of the '863 patent.

54.     On July 9, 2002, the USPTO issued United States Patent No. 6,418,532 ("the '532 patent"), entitled Host Device Equipped With Means For Starting A Process In Response To Detecting Insertion Of A Storage Media, to TVI, as assignee of inventors Peter M. Redford and Donald S. Stern.

55.     On November 21, 2005, the USPTO commenced an inter partes reexamination proceeding for the '532 patent.

56.     On September 30, 2008, the USPTO issued an Inter Partes Reexamination Certificate for the '532 patent. A copy of the '532 patent and the Inter Partes Reexamination Certificate is attached hereto as Exhibit D.

57.     TVI is the owner of the '532 patent.

58.     TVI exercises its rights under the '307, '156, '863, and '532 patents (collectively the "patents-in-suit") by granting license rights. Microsoft Corporation is a company that has taken a license to the patents-in-suit.

///

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    59.    Defendant Sony manufactures and distributes Blu-ray and/or DVD player devices.

2    60.    Defendants Sony Corporation, Sony Corporation of America, and Sony

3    Electronics, Inc. make, use, sell, offer to sell, supply, and/or cause to be supplied to end users

4    Blu-ray player and/or DVD player devices containing the automatic playback technology

5    disclosed and claimed in the '307, '156, '863, and '532 patents.  The accused products or devices

6    include the Sony BDP-S550 and the Sony DVPNS700H/B, and all other Blu-ray players and

7    DVD players capable of, after initial boot-up, automatically detecting insertion of a storage

8    medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an

9    application without rebooting.

10    61.    Defendants Sony Corporation, Sony Computer Entertainment Inc., and Sony

11    Computer Entertainment America, Inc. make, use, sell, offer to sell, supply, and/or cause to be

12    supplied to end users Blu-ray player and/or DVD player devices containing the automatic

13    playback technology disclosed and claimed in the '307, '156, '863, and '532 patents.  The

14    accused products or devices include the Sony PS3, and all other Blu-ray players and DVD players

15    capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a

16    Blu-ray or DVD disc, and automatically starting a process or executing an application without

17    rebooting.

18    62.    The products and devices referred to in paragraphs 60 and 61 infringe directly

19    and/or indirectly one or more claims of the '307, '156, '863, and '532 patents.

20    63.    Sony's infringement of the '307, '156, '863, and '532 patents has injured TVI and

21    will cause irreparable injury in the future unless Sony is enjoined from infringing the patents.

22    64.    Defendant Samsung manufactures and distributes Blu-ray and/or DVD player

23    devices.

24    65.    Samsung makes, uses, sells, offers to sell, supplies, and/or causes to be supplied to

25    end users Blu-ray player and/or DVD player devices containing the automatic playback

26    technology disclosed and claimed in the '307, '156, '863, and '532 patents.  The accused products

27    or devices include the Samsung DVD1080P8 and the Samsung BD-P2500, and all other Blu-ray

28    players and DVD players capable of, after initial boot-up, automatically detecting insertion of a

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing

2   an application without rebooting.

3        66.     The products and devices referred to in paragraph 65 infringe directly and/or

4   indirectly one or more claims of the '307, '156, '863, and '532 patents.

5        67.     Samsung's infringement of the '307, '156, '863, and '532 patents has injured TVI

6   and will cause irreparable injury in the future unless Samsung is enjoined from infringing the

7   patents.

8        68.     Defendant Philips manufactures and distributes Blu-ray and/or DVD player

9   devices.

10        69.     Philips makes, uses, sells, offers to sell, supplies, and/or causes to be supplied to

11   end users Blu-ray player and/or DVD player devices containing the automatic playback

12   technology disclosed and claimed in the '307, '156, '863, and '532 patents.  The accused products

13   or devices include the Philips BDP7200, the Philips DVP5990, the Magnavox MDV453, the

14   Magnavox NB500MS9, and all other Blu-ray players and DVD players capable of, after initial

15   boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc,

16   and automatically starting a process or executing an application without rebooting.

17        70.     The products and devices referred to in paragraph 69 infringe directly and/or

18   indirectly one or more claims of the '307, '156, '863, and '532 patents.

19        71.     Philips's infringement of the '307, '156, '863, and '532 patents has injured TVI

20   and will cause irreparable injury in the future unless Philips is enjoined from infringing the

21   patents.

22        72.     Defendant Toshiba manufactures and distributes Blu-ray and/or DVD player

23   devices.

24        73.     Toshiba makes, uses, sells, offers to sell, supplies, and/or causes to be supplied to

25   end users Blu-ray player and/or DVD player devices containing the automatic playback

26   technology disclosed and claimed in the '307, '156, '863, and '532 patents.  The accused products

27   or devices include the Toshiba XD-E500 and the Toshiba SD-6100, and all other Blu-ray players

28   and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

74.     The products and devices referred to in paragraph 73 infringe directly and/or indirectly one or more claims of the '307, '156, '863, and '532 patents.

75.     Toshiba's infringement of the '307, '156, '863, and '532 patents has injured TVI and will cause irreparable injury in the future unless Toshiba is enjoined from infringing the patents.

76.     Defendant Panasonic manufactures and distributes Blu-ray and/or DVD player devices.

77.     Panasonic makes, uses, sells, offers to sell, supplies, and/or causes to be supplied to end users Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents.  The accused products or devices include the Panasonic DMP-BD35 and the Panasonic DVD-S54, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

78.     The products and devices referred to in paragraph 77 infringe directly and/or indirectly one or more claims of the '307, '156, '863, and '532 patents.

79.     Panasonic's infringement of the '307, '156, '863, and '532 patents has injured TVI and will cause irreparable injury in the future unless Panasonic is enjoined from infringing the patents.

80.     Defendant JVC manufactures and distributes Blu-ray and/or DVD player devices.

81.     JVC makes, uses, sells, offers to sell, supplies, and/or causes to be supplied to end users Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents.  The accused products or devices include the JVC DR-MV79B and the JVC XV-BP1, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium,

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   such as a Blu-ray or DVD disc, and automatically starting a process or executing an application

2   without rebooting.

3       82.    The products and devices referred to in paragraph 81 infringe directly and/or

4   indirectly one or more claims of the '307, '156, '863, and '532 patents.

5       83.    JVC's infringement of the '307, '156, '863, and '532 patents has injured TVI and

6   will cause irreparable injury in the future unless JVC is enjoined from infringing the patents.

7       84.    Defendant LG manufactures and distributes Blu-ray and/or DVD player devices.

8       85.    Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. make, use, sell,

9   offer to sell, supply, and/or cause to be supplied to end users Blu-ray player and/or DVD player

10   devices containing the automatic playback technology disclosed and claimed in the '307, '156,

11   '863, and '532 patents.  The accused products or devices include the LG BD300 and the LG

12   DN898, and all other Blu-ray players and DVD players capable of, after initial boot-up,

13   automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

14   automatically starting a process or executing an application without rebooting.

15       86.    Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., and Zenith

16   Electronics LLC make, use, sell, offer to sell, supply, and/or cause to be supplied to end users

17   Blu-ray player and/or DVD player devices containing the automatic playback technology

18   disclosed and claimed in the '307, '156, '863, and '532 patents.  The accused products or devices

19   include the Zenith DVB612 and all other Blu-ray players and DVD players capable of, after

20   initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD

21   disc, and automatically starting a process or executing an application without rebooting.

22       87.    The products and devices referred to in paragraphs 85 and 86 infringe directly

23   and/or indirectly one or more claims of the '307, '156, '863, and '532 patents.

24       88.    LG's infringement of the '307, '156, '863, and '532 patents has injured TVI and

25   will cause irreparable injury in the future unless LG is enjoined from infringing the patents.

26       89.    Defendant Pioneer manufactures and distributes Blu-ray and/or DVD player

27   devices.

28   ///

81061540.1   - 12 -   COMPLAINT; DEMAND FOR JURY TRIAL

90. Pioneer makes, uses, sells, offers to sell, supplies, and/or causes to be supplied to end users Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents. The accused products or devices include the Pioneer BDP-51FD and the Pioneer DV-410V-K, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

91. The products and devices referred to in paragraph 90 infringe directly and/or indirectly one or more claims of the '307, '156, '863, and '532 patents.

92. Pioneer's infringement of the '307, '156, '863, and '532 patents has injured TVI and will cause irreparable injury in the future unless Pioneer is enjoined from infringing the patents.

93. Defendant Sharp manufactures and distributes Blu-ray and/or DVD player devices.

94. Sharp makes, uses, sells, offers to sell, supplies, and/or causes to be supplied to end users Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents. The accused products or devices include the Sharp BD-HP50U and the Sharp BD-HP22U, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

95. The products and devices referred to in paragraph 94 infringe directly and/or indirectly one or more claims of the '307, '156, '863, and '532 patents.

96. Sharp's infringement of the '307, '156, '863, and '532 patents has injured TVI and will cause irreparable injury in the future unless Sharp is enjoined from infringing the patents.

97. Defendant Funai manufactures and distributes Blu-ray and/or DVD player devices.

98. Funai makes, uses, sells, offers to sell, supplies, and/or causes to be supplied to end users Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents. The accused products

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  or devices include the Sylvania NB500SL9, the Sylvania DP170SL8, and the Emerson

2  LD195EM8, and all other Blu-ray players and DVD players capable of, after initial boot-up,

3  automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

4  automatically starting a process or executing an application without rebooting.

5      99.    The products and devices referred to in paragraph 98 infringe directly and/or

6  indirectly one or more claims of the '307, '156, '863, and '532 patents.

7      100.    Funai's infringement of the '307, '156, '863, and '532 patents has injured TVI and

8  will cause irreparable injury in the future unless Funai is enjoined from infringing the patents.

9      101.    Defendant Denon manufactures and distributes Blu-ray and/or DVD player

10  devices.

11     102.    Denon makes, uses, sells, offers to sell, supplies, and/or causes to be supplied to

12  end users Blu-ray player and/or DVD player devices containing the automatic playback

13  technology disclosed and claimed in the '307, '156, '863, and '532 patents.  The accused products

14  or devices include the Denon DVD-2500BTCI and the Denon DVD-1940CI, and all other Blu-

15  ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of

16  a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or

17  executing an application without rebooting.

18     103.    The products and devices referred to in paragraph 102 infringe directly and/or

19  indirectly one or more claims of the '307, '156, '863, and '532 patents.

20     104.    Denon's infringement of the '307, '156, '863, and '532 patents has injured TVI

21  and will cause irreparable injury in the future unless Denon is enjoined from infringing the

22  patents.

23

24  **COUNT I - PATENT INFRINGEMENT OF THE '307 PATENT BY SONY**

25     105.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

26  paragraphs of this complaint and incorporates them herein.

27     106.    Sony Corporation, Sony Corporation of America, and Sony Electronics, Inc. have

28  infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   more claims of the '307 patent, by making, importing, offering to sell, selling, causing to be

2   supplied, using, and/or causing to be used devices and/or systems and methods that embody or

3   practice the inventions claimed in the '307 patent.  The Sony products that embody the inventions

4   claimed in the '307 patent include, but are not limited to, the Sony BDP-S550 and the Sony

5   DVPNS700H/B and all other Blu-ray players and DVD players capable of, after initial boot-up,

6   automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

7   automatically starting a process or executing an application without rebooting.

8        107.    Sony Corporation, Sony Computer Entertainment Inc., and Sony Computer

9   Entertainment America, Inc. have infringed and continue to infringe—directly, contributorily,

10   and/or by active inducement—one or more claims of the '307 patent, by making, importing,

11   offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or

12   systems and methods that embody or practice the inventions claimed in the '307 patent.  The

13   Sony products that embody the inventions claimed in the '307 patent include, but are not limited

14   to, the Sony PS3 and all other Blu-ray players and DVD players capable of, after initial boot-up,

15   automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

16   automatically starting a process or executing an application without rebooting.

17        108.    The infringement by Sony of the '307 patent has injured and continues to injure

18   TVI, and will cause irreparable harm unless Sony is enjoined from infringing the patent.

19        109.    TVI has complied with the statutory requirement of giving notice of the '307

20   patent to Sony at least by filing this lawsuit and providing Sony with a copy of this complaint.

21

22   <u>**COUNT II — PATENT INFRINGEMENT OF THE '156 PATENT BY SONY**</u>

23        110.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

24   paragraphs of this complaint and incorporates them herein.

25        111.    Sony Corporation, Sony Corporation of America, and Sony Electronics, Inc. have

26   infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or

27   more claims of the '156 patent, by making, importing, offering to sell, selling, causing to be

28   supplied, using, and/or causing to be used devices and/or systems and methods that embody or

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  practice the inventions claimed in the '156 patent.  The Sony products that embody the inventions

2  claimed in the '156 patent include, but are not limited to, the Sony BDP-S550 and the Sony

3  DVPNS700H/B and all other Blu-ray players and DVD players capable of, after initial boot-up,

4  automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

5  automatically starting a process or executing an application without rebooting.

6      112.    Sony Corporation, Sony Computer Entertainment Inc., and Sony Computer

7  Entertainment America, Inc. have infringed and continue to infringe—directly, contributorily,

8  and/or by active inducement—one or more claims of the '156 patent, by making, importing,

9  offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or

10 systems and methods that embody or practice the inventions claimed in the '156 patent.  The

11 Sony products that embody the inventions claimed in the '156 patent include, but are not limited

12 to, the Sony PS3 and all other Blu-ray players and DVD players capable of, after initial boot-up,

13 automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

14 automatically starting a process or executing an application without rebooting.

15      113.    The infringement by Sony of the '156 patent has injured and continues to injure

16 TVI, and will cause irreparable harm unless Sony is enjoined from infringing the patent.

17      114.    TVI has complied with the statutory requirement of giving notice of the '156

18 patent to Sony at least by filing this lawsuit and providing Sony with a copy of this complaint.

19

20 **COUNT III — PATENT INFRINGEMENT OF THE '863 PATENT BY SONY**

21      115.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

22 paragraphs of this complaint and incorporates them herein.

23      116.    Sony Corporation, Sony Corporation of America, and Sony Electronics, Inc.  have

24 infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or

25 more claims of the '863 patent, by making, importing, offering to sell, selling, causing to be

26 supplied, using, and/or causing to be used devices and/or systems and methods that embody or

27 practice the inventions claimed in the '863 patent.  The Sony products that embody the inventions

28 claimed in the '863 patent include, but are not limited to, the Sony BDP-S550 and the Sony

DVPNS700H/B and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

117. Sony Corporation, Sony Computer Entertainment Inc., and Sony Computer Entertainment America, Inc. have infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent. The Sony products that embody the inventions claimed in the '863 patent include, but are not limited to, the Sony PS3 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

118. The infringement by Sony of the '863 patent has injured and continues to injure TVI, and will cause irreparable harm unless Sony is enjoined from infringing the patent.

119. TVI has complied with the statutory requirement of giving notice of the '863 patent to Sony at least by filing this lawsuit and providing Sony with a copy of this complaint.

## COUNT IV — PATENT INFRINGEMENT OF THE '532 PATENT BY SONY

120. Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

121. Sony Corporation, Sony Corporation of America, and Sony Electronics, Inc. have infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent. The Sony products that embody the inventions claimed in the '532 patent include, but are not limited to, the Sony BDP-S550 and the Sony DVPNS700H/B and all other Blu-ray players and DVD players capable of, after initial boot-up,

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

2   automatically starting a process or executing an application without rebooting.

3          122.    Sony Corporation, Sony Computer Entertainment Inc., and Sony Computer

4   Entertainment America, Inc. have infringed and continue to infringe—directly, contributorily,

5   and/or by active inducement—one or more claims of the '532 patent, by making, importing,

6   offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or

7   systems and methods that embody or practice the inventions claimed in the '532 patent.  The

8   Sony products that embody the inventions claimed in the '532 patent include, but are not limited

9   to, the Sony PS3 and all other Blu-ray players and DVD players capable of, after initial boot-up,

10  automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

11  automatically starting a process or executing an application without rebooting.

12         123.    The infringement by Sony of the '532 patent has injured and continues to injure

13  TVI, and will cause irreparable harm unless Sony is enjoined from infringing the patent.

14         124.    TVI has complied with the statutory requirement of giving notice of the '532

15  patent to Sony at least by filing this lawsuit and providing Sony with a copy of this complaint.

16

17  <u>**COUNT V — PATENT INFRINGEMENT OF THE '307 PATENT BY SAMSUNG**</u>

18         125.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

19  paragraphs of this complaint and incorporates them herein.

20         126.    Samsung has infringed and continues to infringe—directly, contributorily, and/or

21  by active inducement—one or more claims of the '307 patent, by making, importing, offering to

22  sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

23  methods that embody or practice the inventions claimed in the '307 patent.  The Samsung

24  products that embody the inventions claimed in the '307 patent include, but are not limited to, the

25  Samsung DVD1080P8 and the Samsung BD-P2500 and all other Blu-ray players and DVD

26  players capable of, after initial boot-up, automatically detecting insertion of a storage medium,

27  such as a Blu-ray or DVD disc, and automatically starting a process or executing an application

28  without rebooting.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

127. The infringement by Samsung of the '307 patent has injured and continues to injure TVI, and will cause irreparable harm unless Samsung is enjoined from infringing the patent.

128. TVI has complied with the statutory requirement of giving notice of the '307 patent to Samsung at least by filing this lawsuit and providing Samsung with a copy of this complaint.

## COUNT VI — PATENT INFRINGEMENT OF THE '156 PATENT BY SAMSUNG

129. Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

130. Samsung has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '156 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '156 patent. The Samsung products that embody the inventions claimed in the '156 patent include, but are not limited to, the Samsung DVD1080P8 and the Samsung BD-P2500 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

131. The infringement by Samsung of the '156 patent has injured and continues to injure TVI, and will cause irreparable harm unless Samsung is enjoined from infringing the patent.

132. TVI has complied with the statutory requirement of giving notice of the '156 patent to Samsung at least by filing this lawsuit and providing Samsung with a copy of this complaint.

/ / /

/ / /

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    **COUNT VII — PATENT INFRINGEMENT OF THE '863 PATENT BY SAMSUNG**

2         133.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

3    paragraphs of this complaint and incorporates them herein.

4         134.   Samsung has infringed and continues to infringe—directly, contributorily, and/or

5    by active inducement—one or more claims of the '863 patent, by making, importing, offering to

6    sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

7    methods that embody or practice the inventions claimed in the '863 patent.  The Samsung

8    products that embody the inventions claimed in the '863 patent include, but are not limited to, the

9    Samsung DVD1080P8 and the Samsung BD-P2500 and all other Blu-ray players and DVD

10   players capable of, after initial boot-up, automatically detecting insertion of a storage medium,

11   such as a Blu-ray or DVD disc, and automatically starting a process or executing an application

12   without rebooting.

13        135.   The infringement by Samsung of the '863 patent has injured and continues to

14   injure TVI, and will cause irreparable harm unless Samsung is enjoined from infringing the

15   patent.

16        136.   TVI has complied with the statutory requirement of giving notice of the '863

17   patent to Samsung at least by filing this lawsuit and providing Samsung with a copy of this

18   complaint.

19

20   **COUNT VIII — PATENT INFRINGEMENT OF THE '532 PATENT BY SAMSUNG**

21        137.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

22   paragraphs of this complaint and incorporates them herein.

23        138.   Samsung has infringed and continues to infringe—directly, contributorily, and/or

24   by active inducement—one or more claims of the '532 patent, by making, importing, offering to

25   sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

26   methods that embody or practice the inventions claimed in the '532 patent.  The Samsung

27   products that embody the inventions claimed in the '532 patent include, but are not limited to, the

28   Samsung DVD1080P8 and the Samsung BD-P2500 and all other Blu-ray players and DVD

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

81061540.1                               - 20 -        COMPLAINT; DEMAND FOR JURY TRIAL

1    players capable of, after initial boot-up, automatically detecting insertion of a storage medium,

2    such as a Blu-ray or DVD disc, and automatically starting a process or executing an application

3    without rebooting.

4        139.   The infringement by Samsung of the '532 patent has injured and continues to

5    injure TVI, and will cause irreparable harm unless Samsung is enjoined from infringing the

6    patent.

7        140.   TVI has complied with the statutory requirement of giving notice of the '532

8    patent to Samsung at least by filing this lawsuit and providing Samsung with a copy of this

9    complaint.

10

11   **COUNT IX — PATENT INFRINGEMENT OF THE '307 PATENT BY PHILIPS**

12       141.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

13   paragraphs of this complaint and incorporates them herein.

14       142.   Philips has infringed and continues to infringe—directly, contributorily, and/or by

15   active inducement—one or more claims of the '307 patent, by making, importing, offering to sell,

16   selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

17   methods that embody or practice the inventions claimed in the '307 patent.  The Philips products

18   that embody the inventions claimed in the '307 patent include, but are not limited to, the Philips

19   BDP7200, the Philips DVP5990, the Magnavox MDV453, and the Magnavox NB500MS9 and all

20   other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting

21   insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a

22   process or executing an application without rebooting.

23       143.   The infringement by Philips of the '307 patent has injured and continues to injure

24   TVI, and will cause irreparable harm unless Philips is enjoined from infringing the patent.

25       144.   TVI has complied with the statutory requirement of giving notice of the '307

26   patent to Philips at least by filing this lawsuit and providing Philips with a copy of this complaint.

27   ///

28   ///

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1

**COUNT X — PATENT INFRINGEMENT OF THE '156 PATENT BY PHILIPS**

2  145. Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

3 paragraphs of this complaint and incorporates them herein.

4  146. Philips has infringed and continues to infringe—directly, contributorily, and/or by

5 active inducement—one or more claims of the '156 patent, by making, importing, offering to sell,

6 selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

7 methods that embody or practice the inventions claimed in the '156 patent.  The Philips products

8 that embody the inventions claimed in the '156 patent include, but are not limited to, the Philips

9 BDP7200, the Philips DVP5990, the Magnavox MDV453, and the Magnavox NB500MS9 and all

10 other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting

11 insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a

12 process or executing an application without rebooting.

13  147. The infringement by Philips of the '156 patent has injured and continues to injure

14 TVI, and will cause irreparable harm unless Philips is enjoined from infringing the patent.

15  148. TVI has complied with the statutory requirement of giving notice of the '156

16 patent to Philips at least by filing this lawsuit and providing Philips with a copy of this complaint.

17

18

**COUNT XI— PATENT INFRINGEMENT OF THE '863 PATENT BY PHILIPS**

19  149. Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

20 paragraphs of this complaint and incorporates them herein.

21  150. Philips has infringed and continues to infringe—directly, contributorily, and/or by

22 active inducement—one or more claims of the '863 patent, by making, importing, offering to sell,

23 selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

24 methods that embody or practice the inventions claimed in the '863 patent.  The Philips products

25 that embody the inventions claimed in the '863 patent include, but are not limited to, the Philips

26 BDP7200, the Philips DVP5990, the Magnavox MDV453, and the Magnavox NB500MS9 and all

27 other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting

28 ///

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

81061540.1   - 22 -  COMPLAINT; DEMAND FOR JURY TRIAL

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a

2  process or executing an application without rebooting.

3       151.   The infringement by Philips of the '863 patent has injured and continues to injure

4  TVI, and will cause irreparable harm unless Philips is enjoined from infringing the patent.

5       152.   TVI has complied with the statutory requirement of giving notice of the '863

6  patent to Philips at least by filing this lawsuit and providing Philips with a copy of this complaint.

7

8  **COUNT XII — PATENT INFRINGEMENT OF THE '532 PATENT BY PHILIPS**

9       153.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

10  paragraphs of this complaint and incorporates them herein.

11       154.   Philips has infringed and continues to infringe—directly, contributorily, and/or by

12  active inducement—one or more claims of the '532 patent, by making, importing, offering to sell,

13  selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

14  methods that embody or practice the inventions claimed in the '532 patent.  The Philips products

15  that embody the inventions claimed in the '532 patent include, but are not limited to, the Philips

16  BDP7200, the Philips DVP5990, the Magnavox MDV453, and the Magnavox NB500MS9 and all

17  other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting

18  insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a

19  process or executing an application without rebooting.

20       155.   The infringement by Philips of the '532 patent has injured and continues to injure

21  TVI, and will cause irreparable harm unless Philips is enjoined from infringing the patent.

22       156.   TVI has complied with the statutory requirement of giving notice of the '532

23  patent to Philips at least by filing this lawsuit and providing Philips with a copy of this complaint.

24

25  **COUNT XIII — PATENT INFRINGEMENT OF THE '307 PATENT BY TOSHIBA**

26       157.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

27  paragraphs of this complaint and incorporates them herein.

28  / / /

1  158.  Toshiba has infringed and continues to infringe—directly, contributorily, and/or by

2  active inducement—one or more claims of the '307 patent, by making, importing, offering to sell,

3  selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

4  methods that embody or practice the inventions claimed in the '307 patent.  The Toshiba products

5  that embody the inventions claimed in the '307 patent include, but are not limited to, the Toshiba

6  XD-E500 and the Toshiba SD-6100 and all other Blu-ray players and DVD players capable of,

7  after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or

8  DVD disc, and automatically starting a process or executing an application without rebooting.

9  159.  The infringement by Toshiba of the '307 patent has injured and continues to injure

10  TVI, and will cause irreparable harm unless Toshiba is enjoined from infringing the patent.

11  160.  TVI has complied with the statutory requirement of giving notice of the '307

12  patent to Toshiba at least by filing this lawsuit and providing Toshiba with a copy of this

13  complaint.

14

15  **COUNT XIV — PATENT INFRINGEMENT OF THE '156 PATENT BY TOSHIBA**

16  161.  Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

17  paragraphs of this complaint and incorporates them herein.

18  162.  Toshiba has infringed and continues to infringe—directly, contributorily, and/or by

19  active inducement—one or more claims of the '156 patent, by making, importing, offering to sell,

20  selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

21  methods that embody or practice the inventions claimed in the '156 patent.  The Toshiba products

22  that embody the inventions claimed in the '156 patent include, but are not limited to, the Toshiba

23  XD-E500 and the Toshiba SD-6100 and all other Blu-ray players and DVD players capable of,

24  after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or

25  DVD disc, and automatically starting a process or executing an application without rebooting.

26  163.  The infringement by Toshiba of the '156 patent has injured and continues to injure

27  TVI, and will cause irreparable harm unless Toshiba is enjoined from infringing the patent.

28  / / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    164.    TVI has complied with the statutory requirement of giving notice of the '156

2    patent to Toshiba at least by filing this lawsuit and providing Toshiba with a copy of this

3    complaint.

4

5    **COUNT XV — PATENT INFRINGEMENT OF THE '863 PATENT BY TOSHIBA**

6    165.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

7    paragraphs of this complaint and incorporates them herein.

8    166.    Toshiba has infringed and continues to infringe—directly, contributorily, and/or by

9    active inducement—one or more claims of the '863 patent, by making, importing, offering to sell,

10   selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

11   methods that embody or practice the inventions claimed in the '863 patent.  The Toshiba products

12   that embody the inventions claimed in the '863 patent include, but are not limited to, the Toshiba

13   XD-E500 and the Toshiba SD-6100 and all other Blu-ray players and DVD players capable of,

14   after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or

15   DVD disc, and automatically starting a process or executing an application without rebooting.

16   167.    The infringement by Toshiba of the '863 patent has injured and continues to injure

17   TVI, and will cause irreparable harm unless Toshiba is enjoined from infringing the patent.

18   168.    TVI has complied with the statutory requirement of giving notice of the '863

19   patent to Toshiba at least by filing this lawsuit and providing Toshiba with a copy of this

20   complaint.

21

22   **COUNT XVI — PATENT INFRINGEMENT OF THE '532 PATENT BY TOSHIBA**

23   169.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

24   paragraphs of this complaint and incorporates them herein.

25   170.    Toshiba has infringed and continues to infringe—directly, contributorily, and/or by

26   active inducement—one or more claims of the '532 patent, by making, importing, offering to sell,

27   selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

28   methods that embody or practice the inventions claimed in the '532 patent.  The Toshiba products

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  that embody the inventions claimed in the '532 patent include, but are not limited to, the Toshiba

2  XD-E500 and the Toshiba SD-6100 and all other Blu-ray players and DVD players capable of,

3  after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or

4  DVD disc, and automatically starting a process or executing an application without rebooting.

5      171.   The infringement by Toshiba of the '532 patent has injured and continues to injure

6  TVI, and will cause irreparable harm unless Toshiba is enjoined from infringing the patent.

7      172.   TVI has complied with the statutory requirement of giving notice of the '532

8  patent to Toshiba at least by filing this lawsuit and providing Toshiba with a copy of this

9  complaint.

10

11  **COUNT XVII — PATENT INFRINGEMENT OF THE '307 PATENT BY PANASONIC**

12      173.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

13  paragraphs of this complaint and incorporates them herein.

14      174.   Panasonic has infringed and continues to infringe—directly, contributorily, and/or

15  by active inducement—one or more claims of the '307 patent, by making, importing, offering to

16  sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

17  methods that embody or practice the inventions claimed in the '307 patent. The Panasonic

18  products that embody the inventions claimed in the '307 patent include, but are not limited to, the

19  Panasonic DMP-BD35 and the Panasonic DVD-S54 and all other Blu-ray players and DVD

20  players capable of, after initial boot-up, automatically detecting insertion of a storage medium,

21  such as a Blu-ray or DVD disc, and automatically starting a process or executing an application

22  without rebooting.

23      175.   The infringement by Panasonic of the '307 patent has injured and continues to

24  injure TVI, and will cause irreparable harm unless Panasonic is enjoined from infringing the

25  patent.

26      176.   TVI has complied with the statutory requirement of giving notice of the '307

27  patent to Panasonic at least by filing this lawsuit and providing Panasonic with a copy of this

28  complaint.

**COUNT XVIII — PATENT INFRINGEMENT OF THE '156 PATENT BY PANASONIC**

177.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

178.    Panasonic has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '156 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '156 patent.  The Panasonic products that embody the inventions claimed in the '156 patent include, but are not limited to, the Panasonic DMP-BD35 and the Panasonic DVD-S54 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

179.    The infringement by Panasonic of the '156 patent has injured and continues to injure TVI, and will cause irreparable harm unless Panasonic is enjoined from infringing the patent.

180.    TVI has complied with the statutory requirement of giving notice of the '156 patent to Panasonic at least by filing this lawsuit and providing Panasonic with a copy of this complaint.

**COUNT XIX — PATENT INFRINGEMENT OF THE '863 PATENT BY PANASONIC**

181.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

182.    Panasonic has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent.  The Panasonic products that embody the inventions claimed in the '863 patent include, but are not limited to, the Panasonic DMP-BD35 and the Panasonic DVD-S54 and all other Blu-ray players and DVD

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1 players capable of, after initial boot-up, automatically detecting insertion of a storage medium,

2 such as a Blu-ray or DVD disc, and automatically starting a process or executing an application

3 without rebooting.

4     183.   The infringement by Panasonic of the '863 patent has injured and continues to

5 injure TVI, and will cause irreparable harm unless Panasonic is enjoined from infringing the

6 patent.

7     184.   TVI has complied with the statutory requirement of giving notice of the '863

8 patent to Panasonic at least by filing this lawsuit and providing Panasonic with a copy of this

9 complaint.

10

11 **COUNT XX — PATENT INFRINGEMENT OF THE '532 PATENT BY PANASONIC**

12     185.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

13 paragraphs of this complaint and incorporates them herein.

14     186.   Panasonic has infringed and continues to infringe—directly, contributorily, and/or

15 by active inducement—one or more claims of the '532 patent, by making, importing, offering to

16 sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

17 methods that embody or practice the inventions claimed in the '532 patent. The Panasonic

18 products that embody the inventions claimed in the '532 patent include, but are not limited to, the

19 Panasonic DMP-BD35 and the Panasonic DVD-S54 and all other Blu-ray players and DVD

20 players capable of, after initial boot-up, automatically detecting insertion of a storage medium,

21 such as a Blu-ray or DVD disc, and automatically starting a process or executing an application

22 without rebooting.

23     187.   The infringement by Panasonic of the '532 patent has injured and continues to

24 injure TVI, and will cause irreparable harm unless Panasonic is enjoined from infringing the

25 patent.

26     188.   TVI has complied with the statutory requirement of giving notice of the '532

27 patent to Panasonic at least by filing this lawsuit and providing Panasonic with a copy of this

28 complaint.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**COUNT XXI — PATENT INFRINGEMENT OF THE '307 PATENT BY JVC**

189.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

190.    JVC has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '307 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '307 patent.  The JVC products that embody the inventions claimed in the '307 patent include, but are not limited to, the JVC DR-MV79B and the JVC XV-BP1, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

191.    The infringement by JVC of the '307 patent has injured and continues to injure TVI, and will cause irreparable harm unless JVC is enjoined from infringing the patent.

192.    TVI has complied with the statutory requirement of giving notice of the '307 patent to JVC at least by filing this lawsuit and providing JVC with a copy of this complaint.

**COUNT XXII — PATENT INFRINGEMENT OF THE '156 PATENT BY JVC**

193.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

194.    JVC has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '156 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '156 patent.  The JVC products that embody the inventions claimed in the '156 patent include, but are not limited to, the JVC DR-MV79B and the JVC XV-BP1, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    195.   The infringement by JVC of the '156 patent has injured and continues to injure

2    TVI, and will cause irreparable harm unless JVC is enjoined from infringing the patent.

3    196.   TVI has complied with the statutory requirement of giving notice of the '156

4    patent to JVC at least by filing this lawsuit and providing JVC with a copy of this complaint.

5

6    **COUNT XXIII — PATENT INFRINGEMENT OF THE '863 PATENT BY JVC**

7    197.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

8    paragraphs of this complaint and incorporates them herein.

9    198.   JVC has infringed and continues to infringe—directly, contributorily, and/or by

10   active inducement—one or more claims of the '863 patent, by making, importing, offering to sell,

11   selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

12   methods that embody or practice the inventions claimed in the '863 patent.  The JVC products

13   that embody the inventions claimed in the '863 patent include, but are not limited to, the JVC

14   DR-MV79B and the JVC XV-BP1, and all other Blu-ray players and DVD players capable of,

15   after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or

16   DVD disc, and automatically starting a process or executing an application without rebooting.

17   199.   The infringement by JVC of the '863 patent has injured and continues to injure

18   TVI, and will cause irreparable harm unless JVC is enjoined from infringing the patent.

19   200.   TVI has complied with the statutory requirement of giving notice of the '863

20   patent to JVC at least by filing this lawsuit and providing JVC with a copy of this complaint.

21

22   **COUNT XXIV — PATENT INFRINGEMENT OF THE '532 PATENT BY JVC**

23   201.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

24   paragraphs of this complaint and incorporates them herein.

25   202.   JVC has infringed and continues to infringe—directly, contributorily, and/or by

26   active inducement—one or more claims of the '532 patent, by making, importing, offering to sell,

27   selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

28   methods that embody or practice the inventions claimed in the '532 patent.  The JVC products

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

that embody the inventions claimed in the '532 patent include, but are not limited to, the JVC

DR-MV79B and the JVC XV-BP1, and all other Blu-ray players and DVD players capable of,

after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or

DVD disc, and automatically starting a process or executing an application without rebooting.

203.    The infringement by JVC of the '532 patent has injured and continues to injure

TVI, and will cause irreparable harm unless JVC is enjoined from infringing the patent.

204.    TVI has complied with the statutory requirement of giving notice of the '532

patent to JVC at least by filing this lawsuit and providing JVC with a copy of this complaint.

## COUNT XXV — PATENT INFRINGEMENT OF THE '307 PATENT BY LG

205.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

paragraphs of this complaint and incorporates them herein.

206.    LG Electronics, Inc. and LG Electronics U.S.A., Inc. have infringed and continue

to infringe—directly, contributorily, and/or by active inducement—one or more claims of the

'307 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or

causing to be used devices and/or systems and methods that embody or practice the inventions

claimed in the '307 patent.  The LG products that embody the inventions claimed in the '307

patent include, but are not limited to, the LG BD300 and the LG DN898 and all other Blu-ray

players and DVD players capable of, after initial boot-up, automatically detecting insertion of a

storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing

an application without rebooting.

207.    LG Electronics, Inc., LG Electronics U.S.A., Inc., and Zenith Electronics LLC

have infringed and continue to infringe—directly, contributorily, and/or by active inducement—

one or more claims of the '307 patent, by making, importing, offering to sell, selling, causing to

be supplied, using, and/or causing to be used devices and/or systems and methods that embody or

practice the inventions claimed in the '307 patent.  The Zenith products that embody the

inventions claimed in the '307 patent include, but are not limited to, the Zenith DVB612 and all

other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a

2    process or executing an application without rebooting.

3         208.    The infringement by LG of the '307 patent has injured and continues to injure

4    TVI, and will cause irreparable harm unless LG is enjoined from infringing the patent.

5         209.    TVI has complied with the statutory requirement of giving notice of the '307

6    patent to LG at least by filing this lawsuit and providing LG with a copy of this complaint.

7

8    **COUNT XXVI — PATENT INFRINGEMENT OF THE '156 PATENT BY LG**

9         210.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

10   paragraphs of this complaint and incorporates them herein.

11        211.    LG Electronics, Inc. and LG Electronics U.S.A., Inc. have infringed and continue

12   to infringe—directly, contributorily, and/or by active inducement—one or more claims of the

13   '156 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or

14   causing to be used devices and/or systems and methods that embody or practice the inventions

15   claimed in the '156 patent.  The LG products that embody the inventions claimed in the '156

16   patent include, but are not limited to, the LG BD300 and the LG DN898 and all other Blu-ray

17   players and DVD players capable of, after initial boot-up, automatically detecting insertion of a

18   storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing

19   an application without rebooting.

20        212.    LG Electronics, Inc., LG Electronics U.S.A., Inc., and Zenith Electronics LLC

21   have infringed and continue to infringe—directly, contributorily, and/or by active inducement—

22   one or more claims of the '156 patent, by making, importing, offering to sell, selling, causing to

23   be supplied, using, and/or causing to be used devices and/or systems and methods that embody or

24   practice the inventions claimed in the '156 patent.  The Zenith products that embody the

25   inventions claimed in the '156 patent include, but are not limited to, the Zenith DVB612 and all

26   other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting

27   insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a

28   process or executing an application without rebooting.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

213.    The infringement by LG of the '156 patent has injured and continues to injure TVI, and will cause irreparable harm unless LG is enjoined from infringing the patent.

214.    TVI has complied with the statutory requirement of giving notice of the '156 patent to LG at least by filing this lawsuit and providing LG with a copy of this complaint.

## COUNT XXVII — PATENT INFRINGEMENT OF THE '863 PATENT BY LG

215.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

216.    LG Electronics, Inc. and LG Electronics U.S.A., Inc. have infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent.  The LG products that embody the inventions claimed in the '863 patent include, but are not limited to, the LG BD300 and the LG DN898 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

217.    LG Electronics, Inc., LG Electronics U.S.A., Inc., and Zenith Electronics LLC have infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent.  The Zenith products that embody the inventions claimed in the '863 patent include, but are not limited to, the Zenith DVB612 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

218.    The infringement by LG of the '863 patent has injured and continues to injure TVI, and will cause irreparable harm unless LG is enjoined from infringing the patent.

219.   TVI has complied with the statutory requirement of giving notice of the '863 patent to LG at least by filing this lawsuit and providing LG with a copy of this complaint.

**COUNT XXVIII — PATENT INFRINGEMENT OF THE '532 PATENT BY LG**

220.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

221.   LG Electronics, Inc. and LG Electronics U.S.A., Inc. have infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent. The LG products that embody the inventions claimed in the '532 patent include, but are not limited to, the LG BD300 and the LG DN898 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

222.   LG Electronics, Inc., LG Electronics U.S.A., Inc., and Zenith Electronics LLC have infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent. The Zenith products that embody the inventions claimed in the '532 patent include, but are not limited to, the Zenith DVB612 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

223.   The infringement by LG of the '532 patent has injured and continues to injure TVI, and will cause irreparable harm unless LG is enjoined from infringing the patent.

224.   TVI has complied with the statutory requirement of giving notice of the '532 patent to LG at least by filing this lawsuit and providing LG with a copy of this complaint.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  **COUNT XXIX — PATENT INFRINGEMENT OF THE '307 PATENT BY PIONEER**

2  225.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

3  paragraphs of this complaint and incorporates them herein.

4  226.    Pioneer has infringed and continues to infringe—directly, contributorily, and/or by

5  active inducement—one or more claims of the '307 patent, by making, importing, offering to sell,

6  selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

7  methods that embody or practice the inventions claimed in the '307 patent. The Pioneer products

8  that embody the inventions claimed in the '307 patent include, but are not limited to, the Pioneer

9  BDP-51FD and the Pioneer DV-410V-K and all other Blu-ray players and DVD players capable

10  of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray

11  or DVD disc, and automatically starting a process or executing an application without rebooting.

12  227.    The infringement by Pioneer of the '307 patent has injured and continues to injure

13  TVI, and will cause irreparable harm unless Pioneer is enjoined from infringing the patent.

14  228.    TVI has complied with the statutory requirement of giving notice of the '307

15  patent to Pioneer at least by filing this lawsuit and providing Pioneer with a copy of this

16  complaint.

17

18  **COUNT XXX — PATENT INFRINGEMENT OF THE '156 PATENT BY PIONEER**

19  229.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

20  paragraphs of this complaint and incorporates them herein.

21  230.    Pioneer has infringed and continues to infringe—directly, contributorily, and/or by

22  active inducement—one or more claims of the '156 patent, by making, importing, offering to sell,

23  selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

24  methods that embody or practice the inventions claimed in the '156 patent. The Pioneer products

25  that embody the inventions claimed in the '156 patent include, but are not limited to, the Pioneer

26  BDP-51FD and the Pioneer DV-410V-K and all other Blu-ray players and DVD players capable

27  of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray

28  or DVD disc, and automatically starting a process or executing an application without rebooting.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

231.    The infringement by Pioneer of the '156 patent has injured and continues to injure TVI, and will cause irreparable harm unless Pioneer is enjoined from infringing the patent.

232.    TVI has complied with the statutory requirement of giving notice of the '156 patent to Pioneer at least by filing this lawsuit and providing Pioneer with a copy of this complaint.

**COUNT XXXI — PATENT INFRINGEMENT OF THE '863 PATENT BY PIONEER**

233.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

234.    Pioneer has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent.  The Pioneer products that embody the inventions claimed in the '863 patent include, but are not limited to, the Pioneer BDP-51FD and the Pioneer DV-410V-K and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

235.    The infringement by Pioneer of the '863 patent has injured and continues to injure TVI, and will cause irreparable harm unless Pioneer is enjoined from infringing the patent.

236.    TVI has complied with the statutory requirement of giving notice of the '863 patent to Pioneer at least by filing this lawsuit and providing Pioneer with a copy of this complaint.

**COUNT XXXII — PATENT INFRINGEMENT OF THE '532 PATENT BY PIONEER**

237.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

238.    Pioneer has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

81061540.1

- 36 -

COMPLAINT; DEMAND FOR JURY TRIAL

1   selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

2   methods that embody or practice the inventions claimed in the '532 patent.  The Pioneer products

3   that embody the inventions claimed in the '532 patent include, but are not limited to, the Pioneer

4   BDP-51FD and the Pioneer DV-410V-K and all other Blu-ray players and DVD players capable

5   of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray

6   or DVD disc, and automatically starting a process or executing an application without rebooting.

7   239.   The infringement by Pioneer of the '532 patent has injured and continues to injure

8   TVI, and will cause irreparable harm unless Pioneer is enjoined from infringing the patent.

9   240.   TVI has complied with the statutory requirement of giving notice of the '532

10   patent to Pioneer at least by filing this lawsuit and providing Pioneer with a copy of this

11   complaint.

13   **COUNT XXXIII — PATENT INFRINGEMENT OF THE '307 PATENT BY SHARP**

14   241.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

15   paragraphs of this complaint and incorporates them herein.

16   242.   Sharp has infringed and continues to infringe—directly, contributorily, and/or by

17   active inducement—one or more claims of the '307 patent, by making, importing, offering to sell,

18   selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

19   methods that embody or practice the inventions claimed in the '307 patent.  The Sharp products

20   that embody the inventions claimed in the '307 patent include, but are not limited to, the Sharp

21   BD-HP50U and the Sharp BD-HP22U and all other Blu-ray players and DVD players capable of,

22   after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or

23   DVD disc, and automatically starting a process or executing an application without rebooting.

24   243.   The infringement by Sharp of the '307 patent has injured and continues to injure

25   TVI, and will cause irreparable harm unless Sharp is enjoined from infringing the patent.

26   244.   TVI has complied with the statutory requirement of giving notice of the '307

27   patent to Sharp at least by filing this lawsuit and providing Sharp with a copy of this complaint.

28   / / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    **COUNT XXXIV — PATENT INFRINGEMENT OF THE '156 PATENT BY SHARP**

2        245.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

3   paragraphs of this complaint and incorporates them herein.

4        246.    Sharp has infringed and continues to infringe—directly, contributorily, and/or by

5   active inducement—one or more claims of the '156 patent, by making, importing, offering to sell,

6   selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

7   methods that embody or practice the inventions claimed in the '156 patent.  The Sharp products

8   that embody the inventions claimed in the '156 patent include, but are not limited to, the Sharp

9   BD-HP50U and the Sharp BD-HP22U and all other Blu-ray players and DVD players capable of,

10   after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or

11   DVD disc, and automatically starting a process or executing an application without rebooting.

12        247.    The infringement by Sharp of the '156 patent has injured and continues to injure

13   TVI, and will cause irreparable harm unless Sharp is enjoined from infringing the patent.

14        248.    TVI has complied with the statutory requirement of giving notice of the '156

15   patent to Sharp at least by filing this lawsuit and providing Sharp with a copy of this complaint.

16

17    **COUNT XXXV — PATENT INFRINGEMENT OF THE '863 PATENT BY SHARP**

18        249.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

19   paragraphs of this complaint and incorporates them herein.

20        250.    Sharp has infringed and continues to infringe—directly, contributorily, and/or by

21   active inducement—one or more claims of the '863 patent, by making, importing, offering to sell,

22   selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

23   methods that embody or practice the inventions claimed in the '863 patent.  The Sharp products

24   that embody the inventions claimed in the '863 patent include, but are not limited to, the Sharp

25   BD-HP50U and the Sharp BD-HP22U and all other Blu-ray players and DVD players capable of,

26   after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or

27   DVD disc, and automatically starting a process or executing an application without rebooting.

28   / / /

251.   The infringement by Sharp of the '863 patent has injured and continues to injure TVI, and will cause irreparable harm unless Sharp is enjoined from infringing the patent.

252.   TVI has complied with the statutory requirement of giving notice of the '863 patent to Sharp at least by filing this lawsuit and providing Sharp with a copy of this complaint.

**COUNT XXXVI — PATENT INFRINGEMENT OF THE '532 PATENT BY SHARP**

253.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

254.   Sharp has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent.  The Sharp products that embody the inventions claimed in the '532 patent include, but are not limited to, the Sharp BD-HP50U and the Sharp BD-HP22U and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

255.   The infringement by Sharp of the '532 patent has injured and continues to injure TVI, and will cause irreparable harm unless Sharp is enjoined from infringing the patent.

256.   TVI has complied with the statutory requirement of giving notice of the '532 patent to Sharp at least by filing this lawsuit and providing Sharp with a copy of this complaint.

**COUNT XXXVII — PATENT INFRINGEMENT OF THE '307 PATENT BY FUNAI**

257.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

258.   Funai has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '307 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '307 patent.  The Funai products

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    that embody the inventions claimed in the '307 patent include, but are not limited to, the Sylvania

2    NB500SL9, the Sylvania DP170SL8, and the Emerson LD195EM8 and all other Blu-ray players

3    and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage

4    medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an

5    application without rebooting.

6        259.    The infringement by Funai of the '307 patent has injured and continues to injure

7    TVI, and will cause irreparable harm unless Funai is enjoined from infringing the patent.

8        260.    TVI has complied with the statutory requirement of giving notice of the '307

9    patent to Funai at least by filing this lawsuit and providing Funai with a copy of this complaint.

10

11   **COUNT XXXVIII — PATENT INFRINGEMENT OF THE '156 PATENT BY FUNAI**

12       261.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

13   paragraphs of this complaint and incorporates them herein.

14       262.    Funai has infringed and continues to infringe—directly, contributorily, and/or by

15   active inducement—one or more claims of the '156 patent, by making, importing, offering to sell,

16   selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

17   methods that embody or practice the inventions claimed in the '156 patent.  The Funai products

18   that embody the inventions claimed in the '156 patent include, but are not limited to, the Sylvania

19   NB500SL9, the Sylvania DP170SL8, and the Emerson LD195EM8 and all other Blu-ray players

20   and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage

21   medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an

22   application without rebooting.

23       263.    The infringement by Funai of the '156 patent has injured and continues to injure

24   TVI, and will cause irreparable harm unless Funai is enjoined from infringing the patent.

25       264.    TVI has complied with the statutory requirement of giving notice of the '156

26   patent to Funai at least by filing this lawsuit and providing Funai with a copy of this complaint.

27   / / /

28   / / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**COUNT XXXIX — PATENT INFRINGEMENT OF THE '863 PATENT BY FUNAI**

265.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

266.   Funai has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent. The Funai products that embody the inventions claimed in the '863 patent include, but are not limited to, the Sylvania NB500SL9, the Sylvania DP170SL8, and the Emerson LD195EM8 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

267.   The infringement by Funai of the '863 patent has injured and continues to injure TVI, and will cause irreparable harm unless Funai is enjoined from infringing the patent.

268.   TVI has complied with the statutory requirement of giving notice of the '863 patent to Funai at least by filing this lawsuit and providing Funai with a copy of this complaint.

**COUNT XL — PATENT INFRINGEMENT OF THE '532 PATENT BY FUNAI**

269.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

270.   Funai has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent. The Funai products that embody the inventions claimed in the '532 patent include, but are not limited to, the Sylvania NB500SL9, the Sylvania DP170SL8, and the Emerson LD195EM8 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an

2  application without rebooting.

3      271.    The infringement by Funai of the '532 patent has injured and continues to injure

4  TVI, and will cause irreparable harm unless Funai is enjoined from infringing the patent.

5      272.    TVI has complied with the statutory requirement of giving notice of the '532

6  patent to Funai at least by filing this lawsuit and providing Funai with a copy of this complaint.

7

8  **COUNT XLI — PATENT INFRINGEMENT OF THE '307 PATENT BY DENON**

9      273.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

10  paragraphs of this complaint and incorporates them herein.

11      274.    Denon has infringed and continues to infringe—directly, contributorily, and/or by

12  active inducement—one or more claims of the '307 patent, by making, importing, offering to sell,

13  selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

14  methods that embody or practice the inventions claimed in the '307 patent.  The Denon products

15  that embody the inventions claimed in the '307 patent include, but are not limited to, the Denon

16  DVD-2500BTCI and the Denon DVD-1940CI and all other Blu-ray players and DVD players

17  capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a

18  Blu-ray or DVD disc, and automatically starting a process or executing an application without

19  rebooting.

20      275.    The infringement by Denon of the '307 patent has injured and continues to injure

21  TVI, and will cause irreparable harm unless Denon is enjoined from infringing the patent.

22      276.    TVI has complied with the statutory requirement of giving notice of the '307

23  patent to Denon at least by filing this lawsuit and providing Denon with a copy of this complaint.

24

25  **COUNT XLII — PATENT INFRINGEMENT OF THE '156 PATENT BY DENON**

26      277.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

27  paragraphs of this complaint and incorporates them herein.

28  / / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

278.     Denon has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '156 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '156 patent.  The Denon products that embody the inventions claimed in the '156 patent include, but are not limited to, the Denon DVD-2500BTCI and the Denon DVD-1940CI and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

279.     The infringement by Denon of the '156 patent has injured and continues to injure TVI, and will cause irreparable harm unless Denon is enjoined from infringing the patent.

280.     TVI has complied with the statutory requirement of giving notice of the '156 patent to Denon at least by filing this lawsuit and providing Denon with a copy of this complaint.

## COUNT XLIII — PATENT INFRINGEMENT OF THE '863 PATENT BY DENON

281.     Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

282.     Denon has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent.  The Denon products that embody the inventions claimed in the '863 patent include, but are not limited to, the Denon DVD-2500BTCI and the Denon DVD-1940CI and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

283.     The infringement by Denon of the '863 patent has injured and continues to injure TVI, and will cause irreparable harm unless Denon is enjoined from infringing the patent.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

284.    TVI has complied with the statutory requirement of giving notice of the '863 patent to Denon at least by filing this lawsuit and providing Denon with a copy of this complaint.

**COUNT XLIV — PATENT INFRINGEMENT OF THE '532 PATENT BY DENON**

285.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

286.    Denon has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent.  The Denon products that embody the inventions claimed in the '532 patent include, but are not limited to, the Denon DVD-2500BTCI and the Denon DVD-1940CI and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

287.    The infringement by Denon of the '532 patent has injured and continues to injure TVI, and will cause irreparable harm unless Denon is enjoined from infringing the patent.

288.    TVI has complied with the statutory requirement of giving notice of the '532 patent to Denon at least by filing this lawsuit and providing Denon with a copy of this complaint.

**WHEREFORE** Plaintiff TVI prays for the following judgment and relief:

a.      that each of the Defendants has infringed the '307, '156, '863, and/or '532 patents;

b.      that Plaintiff is entitled to temporary and permanent injunctions enjoining each of the Defendants, and their agents, servants, officers, directors, employees, and persons or entities acting in concert with each of the Defendants, from infringing directly or indirectly, inducing others to infringe, and/or contributing to the infringement of the '307, '156, '863, and/or '532 patents, or, in the alternative, that each of the Defendants take a compulsory license to the '307, '156, '863, and/or '532 patents;

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

c.    that each of the Defendants shall account for and pay to Plaintiff the damages to which it is entitled as a consequence of Defendants' infringement of the '307, '156, '863, and/or '532 patents;

d.    that each of the Defendants shall account for and pay to Plaintiff the damages to which it is entitled for Defendants' continued infringement following the period of infringement established by Plaintiffs at trial;

e.    that Plaintiff is entitled to interests and costs;

f.    any other relief that the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(a), Plaintiff TVI demands a jury trial on all issues so triable.

DATED:  October 6, 2009

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: _David Martinez_

David Martinez
Ronald J. Schutz
Richard M. Martinez
Sang Young A. Brodie
Andrea Kloehn Naef

ATTORNEYS FOR PLAINTIFF
TV INTERACTIVE DATA CORPORATION

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

81061540.1

- 45 -     COMPLAINT; DEMAND FOR JURY TRIAL